**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BEST OF EVERYTHING OF SOUTHWEST FLORIDA, INC.**, a Florida Corporation,

Plaintiff,

**v.** **CIVIL ACTION NO. ____________________**

**DEB FERREIRA a/k/a DEBORAH M. FERREIRA, a/k/a DEBORAH NAZARIO**, individually, and as Domain Name Registrant, and d/b/a **BEST OF EVERYTHING ONLINE**, a Florida business entity, and **VARIOUS JOHN DOES, JANES DOES**, and **ABC COMPANIES**,

Defendants,
______________________________/

**VERIFIED COMPLAINT**

INJUNCTIVE RELIEF SOUGHT

Plaintiff, **BEST OF EVERYTHING OF SOUTHWEST FLORIDA, INC.**, a Florida corporation (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby files this Verified Complaint against Defendants, **DEB FERREIRA a/k/a DEBORAH M. FERREIRA, a/k/a DEBORAH NAZARIO**, individually, and as Domain Name Registrant and d/b/a **BEST OF EVERYTHING ONLINE**, a Florida business entity, and **VARIOUS JOHN DOES, JANES DOES**, and **ABC COMPANIES**,

(hereinafter collectively referred to as "Defendants"), and alleges, all upon information and belief, the following:

## JURISDICTION

1. This is a Verified Complaint for the various counts and wrongs set forth herein.

2. This Court has original jurisdiction over this action and over the parties under 28 U.S.C. §§ 1331, 1332, and the Lanham Act, 15 U.S.C. § 1051 et seq., including §§ 1114, 1116, 1117 and 1125 and the principles of pendent jurisdiction.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of FIVE MILLION DOLLARS ($5,000,000.00).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(a), in that Defendants reside in, continually advertise, solicit, own, maintain and operate a web site and/or otherwise conduct business in this District.

5. Plaintiff's claim also arises in and a substantial part of the events or omissions giving rise to the claims and the harm and damage to Plaintiff as complained of hereinafter have occurred in this District, are occurring here and will occur here if not enjoined by the Court.

## THE PARTIES

6. Plaintiff is a Florida corporation, organized and existing under the laws of the State of Florida and does business in interstate commerce and within this Middle District, with its principal places of business in this Middle District.

7. Defendant, **DEB FERREIRA a/k/a DEBORAH M. FERREIRA, a/k/a DEBORAH NAZARIO,** is an individual and, at all times material to the issues presented herein, was engaged in the illegal and infringing activities complained of hereinafter, was the principal of and the active, conscious and dominant force behind the illegal activities of **BEST OF EVERYTHING ONLINE** and further was the registrant of the internet domain name bestof-everything.com, all of which infringed Plaintiff's rights as is complained about hereinafter.

8. Defendants, **VARIOUS JOHN DOES, JANE DOES,** and **ABC COMPANIES**, upon information and belief, are individuals and/or business entities who, along with the other herein named Defendant, have engaged in the unauthorized and illegal acts complained of herein. The identities of these unnamed Defendants and the details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff, in large part because they have concealed their identities from public disclosure.

9. Defendants, either individually and/or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind the illegal activities of the other Defendants as complained of herein, had regular and systematic contacts with and currently does substantial business in interstate commerce and more particularly within this Middle District.

10. Defendants, either individually and/or acting by and through their principals,

officers, agents, employees and other active, conscious and dominant forces behind their activities, were acting in concert with or in joint venture with the other at all times and were and are the agents of each other in doing the illegal and wrongful acts alleged herein and each was acting within the course and scope of such agency.

11. Defendants have committed the acts complained of herein for their individual gain and profit, have purposely directed the torts complained of hereinafter into this Middle District, have caused harm to Plaintiff in this Middle District.

## FACTS COMMON TO ALL COUNTS

The previous allegations set forth above and the following facts are common to all Counts asserted by Plaintiff hereafter in its Verified Complaint:

12. Plaintiff is a highly successful and respected business engaged primarily in the retail offering and sale of jewelry, fashion jewelry, sterling silver items, purses, handbags, scarves, sunglasses, watches, accessories, toys, gifts, and many other goods and services.

13. Plaintiff's goods and services are offered to the public by many and various means and modes, and nationally throughout the United States in interstate commerce.

14. Since at least as early as 1996, Plaintiff has succeeded in separating itself from the competition and in demonstrating a unique commercial identity. Plaintiff has accumulated valuable goodwill associated solely with Plaintiff's business has resulted in an ever expanding business presence, growth, the regular launching of

new locations, commercial success, unsolicited publicity and great public acceptance.

15. Plaintiff’s success, enviable reputation and approach to providing the public with high quality goods and services have made it a leader, if not the leader, in its field. Plaintiff's success is in large part due to Plaintiff’s diligence and hard work, and also due to Plaintiff’s creation of and significant investment in its portfolio of valuable intellectual property, including trademarks, owned exclusively by Plaintiff, and which are in fact source identifiers, designations of origin and valuable brands and brand identity which distinguish Plaintiff’s products from all others.

## PLAINTIFF’S TRADEMARK RIGHTS

16. Among many other trademarks owned by Plaintiff, Plaintiff is the owner of all right, title, and interest in its protected and proprietary trademarks and trademark registrations, which include:

- THE BEST OF EVERYTHING, U.S. Trademark Registration No. 3722800 (a mark which has become incontestable under the U.S. Trademark Act);
- BEST OF EVERYTHING, U.S. Trademark Registration No. 3863003 (a mark which has become incontestable under the U.S. Trademark Act);
- BESTOFEVERYTHINGSHOPONLINE.COM, U.S. Trademark Registration No. 5087439;
- BEST OF EVERYTHING OF SW FL, INC. “AT THE BEST OF PRICES” JEWELRY & ACCESSORIES NAPLES BONITA SPRINGS

KENNEBUNKPORT and design, U.S. Trademark Registration No. 3930479;

- BEST OF EVERYTHING OF SW FL, INC. “AT THE BEST OF PRICES” JEWELRY & ACCESSORIES NAPLES BONITA SPRINGS KENNEBUNKPORT and design, U.S. Trademark Registration No. 3972401;
- BEST OF EVERYTHING FASHION JEWELRY ACCESSORIES GIFTS and design, U.S. Trademark Registration No. 4354464;
- I ALWAYS END UP AT THE BEST OF EVERYTHING, U.S. Trademark Registration No. 4309548;
- BEST OF EVERYTHING STERLING SILVER ACCESSORIES GIFTS, U.S. Trademark Registration No. 4283768;
- BEST OF EVERYTHING and design, U.S. Trademark Registration No. 4744478;
- BEST OF EVERYTHING and design, U.S. Trademark Registration No. 4744498; and
- “BEST OF EVERYTHING” AND A ROSE INSIDE AN OVAL BAND WITH THE WORDS “FINE COSTUME JEWELRY”, “STERLING SILVER”, “HANDBAGS”, “ACCESSORIES”, AND “GIFTS” OUTSIDE, Florida Trademark Registration No. T08000000017

among other marks, for Plaintiff’s many goods and services, including in particular and without limitation, for retail store services, online retail store services, jewelry, fashion jewelry and accessories (hereinafter the “BEST OF EVERYTHING Marks”, Plaintiff’s BEST OF EVERYTHING Family of Marks” or “Plaintiff’s Marks”).

17. The BEST OF EVERYTHING Family of Marks are well known to the relevant consuming public and are fully valid, legally subsisting and enforceable.

18. Plaintiff's goods and services have been widely advertised and extensively offered to the public under Plaintiff's Marks throughout the United States and in commerce by Plaintiff long before Defendants' infringing use, as is described herein.

19. Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as symbols of Plaintiff, its quality goods, services and goodwill.

20. Plaintiff has widely used Plaintiff's Marks to establish a strong connection between Plaintiff and the goods and services advertised under the same.

21. Plaintiff enjoys considerable success and an enviable reputation in its business operations and commercial enterprises due in large part to its use of, and rights in, Plaintiff's Marks.

22. Plaintiff openly, prominently and conspicuously uses and promotes its goods and services under Plaintiff's Marks to create and benefit from brand and trade identity and to distinguish its goods and services from those sold by others.

23. Plaintiff has made considerable expenditures to build its brand so successfully. As a result of Plaintiff's many investments of time and money, Plaintiff's Marks have become synonymous with Plaintiff's high quality goods and services, have become well known and the same have resulted in goodwill.

24. Plaintiff's Marks have been widely, prominently and continuously advertised and promoted to the public through many and various means and modes, including via the internet on Plaintiff's websites.

25. By reason of such advertising and promotion, the public has come to recognize Plaintiff's goods and services offered under Plaintiff's Marks as emanating from Plaintiff.

26. Plaintiff enforces its rights in Plaintiff's Marks to order to protect itself and the public from infringers and in order to preserve what Plaintiff has worked hard to build as a valuable brand and highly successful business model.

## ILLEGAL ACTS OF DEFENDANTS

27. Defendants have acted with intent to profit from Plaintiff's Marks and the valuable goodwill associated with the same by directly causing or actively participating in the unauthorized commercial use of the trademarks BEST OF EVERYTHING ONLINE and BEST OF EVERYTHING (hereinafter the "Infringing Marks") and the registration of the domain name BESTOF-EVERYTHING.COM (hereinafter the "Infringing Domain Name"), each of which is identical to, confusingly similar to or dilutive of at least one of Plaintiff's Marks.

28. Despite Plaintiff's prior widespread use, ownership and registration of Plaintiff's Marks, Defendants used, offered and/or sold goods or services under the same to the public in connection with commercial advertising in interstate commerce by many means and modes and on the internet through Defendants' interactive website at www.bestof-everything.com.

29. Defendants' website and/or web content bearing the Infringing Marks have been accessible in the State of Florida, is directed to consumers in the State of Florida, and has in fact been accessed by users and residents in the State of Florida.

The following are images which have been reproduced from Defendants' above referenced website and are representative examples of the unauthorized use and display of the Infringing Marks by Defendants:

Best of Everything Online

WELCOME TO BEST OF EVERYTHING SHOPPING SITE!

Thank you for visiting Best of Everything online shopping site, featuring various products from High Fashion Jewelry, Skin Care, Makeup, Handbags, Accessories, Cellphone Case and a line of Clothing.. Best of Everything shopping site will provide the most highest quality products that no other shopping site can offer. All products were carefully handled and chosen at its best standard.


https://bestof-everything.com/
Best of Everything Online
File Edit View Favorites Tools Help
Convert
FREE SHIPPING ON ORDERS OVER $30 AND 30 DAY RETURNS
Best of Everything Online
under
The Sun
Start from $4
SHOP SUNGLASSES >
SHOP
USD
CART
CLOTHING
DRESSES
TOPS
PANTS
SHORTS
SKIRTS
LEGGINGS
LINGERIE
SWIMWEAR
YOGA WEAR
JEWELRY
NECKLACE
EARRINGS
BRACELETS
RINGS
ACCESSORIES
HANDBAGS
SUN GLASSES
WATCHES
PHONECASES
Message Us
https://bestof-everything.com/collections
100%


https://bestof-everything.com/collections/necklace
NECKLACE - Best of Eve...
File Edit View Favorites Tools Help
Convert
FREE SHIPPING ON ORDERS OVER $30 AND 30 DAY RETURNS
Best of Everything Online
NEW ARRIVALS SHOP WHATS HOT BLOG USD CART
NECKLACE
Circle Accent Back Necklace
$ 21.00
Designer Heart Charm Long Necklace Silver Color Hearts & Keys Pendant Necklace
$ 26.99
Fish Bone Rose Gold Plated AB Austrian Crystal Pendant Necklace
$ 24.00
Her Highness Bow Short Necklace
$ 14.99
Hot Selling New Gold Silver Infinity Necklaces
$ 19.00
I Love You To The Moon and Back
$ 19.99
Message Us
100%


https://bestof-everything.com/collections/watches-1
WATCHES - Best of Eve...
File Edit View Favorites Tools Help
Convert
FREE SHIPPING ON ORDERS OVER $30 AND 30 DAY RETURNS
Best of Everything Online
NEW ARRIVALS SHOP WHATS HOT BLOG USD CART
WATCHES
SALE
SALE
Creative Ladies Womens Charm Quartz Multi Layer Woven Bracelet Watch
$ 21.99
Digital Multi functional Wristwatch Waterproof (30M)
$ 18.99 $ 29.99
Floating Crystal Beads Quartz Watch (Blue) and Brown
$ 21.99
Flower Gold Stainless Steel Floral Two tone Geneva Bracelet Style
$ 29.90
Geneva Crystal Accented Quartz Wrist Watch
$ 29.99 $ 39.99
Geneva Fashion Casual colorful Watch
$ 26.99
Message Us
https://bestof-everything.com/collections/watches-1/products/casual-moving-beads-watch
100%


https://bestof-everything.com/collections/earrings
EARRINGS - Best of Eve...
File Edit View Favorites Tools Help
Convert
FREE SHIPPING ON ORDERS OVER $30 AND 30 DAY RETURNS
Best of Everything Online
NEW ARRIVALS
SHOP
WHATS HOT
BLOG
USD
CART
Beautiful Starburst CZ Stud Earrings
$ 19.00
Colorful Swiss Cubic Zircon 18K Gold Plated Butterfly Stud Earrings
$ 15.99
Cubic Zirconia Jewelry Necklace Set
$ 19.00
CZ Earrings Silver Plated
CZ Earrings Silver Plated
$ 12.00
Dangle Earrings Water Drop Top Grade Semi-Precious Leaf Drop
$ 19.00
Fashion Womens Silver Plated Jewelry Angel Wings Crystal Ear Stud Earrings
$ 12.00
Message Us
100%


https://bestof-everything.com/collections/rings-1
RINGS - Best of Everythi...
File Edit View Favorites Tools Help
Convert
FREE SHIPPING ON ORDERS OVER $30 AND 30 DAY RETURNS
Best of Everything Online
NEW ARRIVALS SHOP WHATS HOT BLOG USD CART
RINGS
18K Gold Plated Stainless Steel Wedding Ring
$ 26.99
6ct Nano Russian Emerald Ring Fashion Women Gift 925
$ 37.99
Antique Tibetan Style Gypsy Boho Knuckle Rings 4 pc Set
$ 14.00
Beautiful CZ Diamond Cat Animal Vintage Rings Gift for Women and Girls
$ 12.00
Crown Tiara CZ Band Ring 925 Sterling Silver Cubic Zirconia Princess Size 8
$ 19.00
Engagement Ring style CZ
$ 23.99
Message Us
100%


https://bestof-everything.com/collections/bracelets-1?page=1
Bracelets - Best of Ever...
File Edit View Favorites Tools Help
Convert
FREE SHIPPING ON ORDERS OVER $30 AND 30 DAY RETURNS
Best of
Everything Online
NEW ARRIVALS SHOP WHATS HOT BLOG USD CART
BLUE DEVILS
CHAMPIONS
HUNTING
BRONCOS
LSU TIGERS
High Fashion Heart Charm Glass Bracelet
$ 20.00
Infinit Love BLUE DEVILS Team Bracelet blue white Custom Sports
$ 23.99
Infinit Love Dog CHAMPIONS Bracelet Customized black gold
$ 23.99
Infiniti Love HUNTING Bracelet Customize Wristband GUN charm
$ 23.99
Infinity Love Broncos football Team Bracelet
$ 23.99
Infinity Love LSU TIGERS football college Team Bracelet
$ 23.99
Message Us
100%




30. The use of the Infringing Marks and the registration of the Infringing Domain Name by Defendants violates, among other laws, the Lanham Act, 15 U.S.C. § 1051 et seq., including §§ 1114, 1117 and 1125.

31. Defendants have been openly and actively engaged in the unauthorized, infringing, unlicensed, and imitative use of the Infringing Marks and the Infringing Domain Name for their commercial gain, on an ongoing basis and for the promotion of

many goods and services which are the same or substantially similar as those offered by Plaintiff under Plaintiff's Marks, namely jewelry, rings, watches, earrings, handbags, sunglasses and many fashion accessories.

32. Plaintiff has at no time granted to Defendants any permission or license to use or display Plaintiff's Marks in any manner.

33. The public offering for sale of goods and services under the Infringing Marks and the Infringing Domain Name by Defendants is and has been without the consent, permission or authority of Plaintiff.

34. Defendants' conduct harms Plaintiff and Plaintiff's trademark and business rights and has, and is, causing damage to Plaintiff needlessly.

35. The Infringing Marks and the Infringing Domain Name have been used by Defendants and offered to the public utilizing this District as a forum for its infringing activities with actual and/or constructive knowledge that neither are genuine nor authorized by Plaintiff.

36. By using the Infringing Marks and the Infringing Domain Name and offering services and goods for sale under the same, Defendants, on a widespread basis, have misrepresented and/or falsely described to the general public the origin and source of Defendants' goods and services so as to deceive the public and deliberately create the likelihood of consumer confusion.

37. By using the Infringing Marks and the Infringing Domain Name, and offering goods and services for sale under the same, Defendants have caused and continues

to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendants' goods and services.

38. Defendants' goods and services offered under the Infringing Marks and the Infringing Domain Name, to the extent that they are not the genuine article of Plaintiff and not fully authorized by Plaintiff, are or may be of lesser quality to the goods and services authorized to be sold by Plaintiff, and the sale thereof has, does, and will continue to damage and dilute the goodwill Plaintiff has developed in connection with offering legitimate, authorized goods and services under Plaintiff's Marks.

39. Defendants traded upon the goodwill that belonged solely to Plaintiff, and has misled and will continue to confuse, deceive and mislead the public in this regard.

40. Defendants have advertised, distributed, offered for sale, and/or sold in the State of Florida and in interstate commerce, the same or highly related goods and/or services under the Infringing Marks, thus creating the likelihood of confusion, deception, and mistake as to the source, affiliation, connection, or association of Plaintiff's genuine goods and services, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities.

41. The use by Defendants of the Infringing Marks and the Infringing Domain Name

constitutes a knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' goods and services which are offered to the public by Defendants as originating from, or connected with, Plaintiff, and constitutes using false descriptions of fact or misrepresentations in commerce.

42. The imitation, reproduction, and unauthorized use of the Infringing Marks and the Infringing Domain Name causes irreparable injury to Plaintiff, including injury to its business reputation and dilution of the distinctive quality of Plaintiff's Marks.

43. Defendants' use of the Infringing Marks and the Infringing Domain Name is likely to, and/or does, cause Defendants to pass off their goods and services as those of Plaintiff's, all to the detriment of Plaintiff and to the unjust enrichment of Defendants.

44. Defendants' use of the Infringing Marks and the Infringing Domain Name has caused, does cause, and/or is likely to continue to cause, damage to Plaintiff's valuable reputation and image associated with Plaintiff and its goods and services.

45. The wrongful acts of Defendants, as are set forth herein, are negligent and/or intentional and are calculated to provide Defendants with commercial benefit to the detriment Plaintiff.

46. The wrongful acts of Defendants, as are set forth herein, are directed to the same or highly similar consumers as those to which Plaintiff directs its advertising and is likely to deceive consumers into making a decision to purchase Defendants'

products over those offered by Plaintiff under Plaintiff's Marks.

47. Defendants' unlawful activities results in irreparable harm and injury to Plaintiff. Among other harms, it:

a. deprives Plaintiff of its absolute right to determine the manner in which its goods and services are presented to the general public, including but not limited to the right to determine the scope, manner and expansion of its rights;

b. damages Plaintiff's valuable and distinctive trademark rights;

c. deceives the public as to the origin and sponsorship of such goods and services;

d. wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its trademarks; and

e. deceives the public as to the nature, quality and characteristics of Defendants' goods and services and, to the extent Defendants' goods and services are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation.

48. Among the other relief sought herein, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants, its and their principals, officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of the applicable law.

49. Plaintiff is further entitled to recover from Defendants all of the damages available under the applicable law, including but not limited to actual damages, treble damages and/or statutory damages, interest, and attorney fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts as alleged herein. At present, the amount of such

damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1051 et seq., §§ 1114, 1117)

50. Defendants' acts, as alleged herein, including the use, advertising and displaying of the Infringing Marks, constitute federal trademark infringement which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. § 1051 et seq., §§ 1114 and 1117.

51. Defendants' use of the Infringing Marks, as alleged herein, has caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

52. As a result, Plaintiff has suffered damages with interest.

53. Plaintiff has no adequate, complete remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION FALSE DESIGNATION OF ORIGIN FALSE DESCRIPTION (15 U.S.C. §1051 et seq., § 1125)

54. Defendants' acts, as alleged herein, including the use, advertising and displaying of the Infringing Marks, constitute federal unfair competition, false designation of origin and false description of fact, all of which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of

15 U.S.C. § 1051 et seq., §1125.

55. Defendants' use of the Infringing Marks, as alleged herein, has caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

56. As a result, Plaintiff has suffered damages with interest.

57. Plaintiff has no adequate, complete remedy at law.

## COUNT III

## CYBERPIRACY AND CYBERSQUATTING
## (15 U.S.C. § 1125 (d) )

58. Defendants' registration and use of the Infringing Domain Name constitutes cyberpiracy and cybersquatting, among the other wrongs referred to herein, and is a separate violation of the Lanham Act, 15 U.S.C. § 1125 (d).

59. The Infringing Domain Name is, for all intents and purposes, identical or confusingly similar to Plaintiff's Marks.

60. Defendants had the requisite intent to profit from Plaintiff's Marks and willfully undertook the foregoing acts for commercial gain and with actual knowledge of or disregard for Plaintiff's rights, causing a diversion of internet users from Plaintiff to Defendants, a likelihood of confusion in the marketplace, including but not limited to initial interest confusion, and a resultant loss of business and other harm and damage to Plaintiff.

61. Defendants' registration and use of the Infringing Domain Name, as alleged herein,

has caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

62. As a result, Plaintiff has suffered damages with interest.

63. Plaintiff has no adequate, complete remedy at law.

## COUNT IV

## FLORIDA TRADEMARK INFRINGEMENT/ UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (Florida Statutes § 495.131 et seq.)

64. Defendants' acts, as alleged herein, constitute infringement of Plaintiff's rights pursuant to Florida Statutes § 495.131 et seq., Florida unfair competition, and Florida false designation of origin.

65. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

66. As a result, Plaintiff has suffered damages with interest.

67. Plaintiff has no adequate complete remedy at law.

## COUNT V

## FLORIDA INJURY TO BUSINESS REPUTATION AND DILUTION (Florida Statutes § 495.151 et seq.)

68. Defendants' acts, as alleged herein, have caused, and are likely to cause, damage to Plaintiff by injuring Plaintiff's valuable reputation and by diluting the

distinctiveness of Plaintiff's Marks in violation of Florida Statutes § 495.151 et seq.

69. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff, and, unless restrained, will continue to do so.

70. As a result, Plaintiff has suffered damages with interest.

71. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants on all of the above Counts, and on each and every claim for relief set forth above and award it full relief including, but not limited to, the following:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii. from directly or indirectly using the Infringing Marks and the Infringing Domain Name or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv. from utilizing the Infringing Marks and the Infringing Domain

Name or any confusingly similar variants in any shape or manner;

v. from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks and the Infringing Domain Name or any confusingly similar variants, and from otherwise unfairly competing in any way with Plaintiff;

vi. to deliver up to Plaintiff for destruction, at its option, all goods, literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the Infringing Marks and the Infringing Domain Name or any confusingly similar variants;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks and the Infringing Domain Name or any confusingly similar variants are not connected with Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff, in an amount to be determined, including statutory, enhanced or treble damages;

d. an Order requiring Defendants to disseminate pre-approved corrective advertising to all customers, prospective customers, agents and representatives to address the likelihood of confusion caused by Defendants' acts;

e. an Order directing the removal, forfeiture or transfer of the Infringing Domain Name to Plaintiff;

f. an award of all attorneys fees and costs as allowed by law;

g. and such other interlocutory and permanent relief as this Court may deem just and proper.

Respectfully submitted,

/s/JENNIFER L. WHITELAW
JENNIFER L. WHITELAW
WHITELAW LEGAL GROUP
Trial Counsel for Plaintiff
**BEST OF EVERYTHING OF SOUTHWEST FLORIDA, INC.**
Florida Bar No. 0938629
3838 Tamiami Trail North, Third Floor
Naples, Florida 34103
Telephone: 239-262-1001
Facsimile: 239-261-0057
Email: usdcmail@whitelawfirm.com

## VERIFICATION

I DECLARE, under penalty of perjury, that I am duly authorized in the premises, have read the foregoing Complaint and the same is true and correct.

Executed this 29 day of April, 2017.

BEST OF EVERYTHING OF SOUTHWEST FLORIDA, INC.

By: Vittoria Bergmann
A Duly Authorized Representative